UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN PERRON, on behalf of himself
and those similarly situated,

CASE NO.: 8:08-CV-609-J23-TGW

Plaintiff,

vs.

DENICO, INC., a Florida Corporation,
d/b/a ONE HOUR AIR
CONDITIONING AND HEATING,

Defendant.
_____

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRIAN PERRON, by and through the undersigned attorney, sues the Defendant, DENICO, INC., a Florida Corporation, d/b/a/ ONE HOUR AIR CONDITIONING AND HEATING, and alleges:

1. Plaintiff, BRIAN PERRON, was an employee of Defendant, DENICO, INC., a Florida Corporation, d/b/a/ ONE HOUR AIR CONDITIONING AND HEATING, and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee performing A/C technician duties within the last three years for Defendant in Polk County, Florida.

3. Defendant, DENICO, INC., is a Florida Corporation that operates and conducts business in, among others, Polk County, Florida and is therefore, within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid employee who worked for Defendant at any time

1

within the past three (3) years within the State of Florida.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

6. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff, and those similarly situated employees, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated employees, for those hours in excess of forty (40) within a work week.

8. During their employment with Defendant, Plaintiff, and those similarly situated employees, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

9. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

10. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and other similarly situated employees, are in the possession and custody of Defendant.

## **RECOVERY OF OVERTIME COMPENSATION**

11. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-10 above.

12. Plaintiff, and those similarly situated employees, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated

2

employees, worked overtime hours but were not paid time and one-half compensation for same.

13. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated employees, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

14. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages.

15. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRIAN PERRON, and all other similarly situated employees, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 24th day of April, 2008.

_____
C. RYAN MORGAN
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Phone: (407) 420-1414
Fax: (407) 420-5956
Email: rmorgan@forthepeople.com
Attorneys for Plaintiff